1

2

3

4

5                     **UNITED STATES DISTRICT COURT**

6                     **EASTERN DISTRICT OF CALIFORNIA**

7

8   J & J SPORTS PRODUCTIONS, INC.,          CASE NO. 1:15-CV-1041-TLN-SMS

9            Plaintiff,                        FINDINGS AND RECOMMENDATIONS
                                               RECOMMENDING GRANTING
10       v.                                    PLAINTIFF'S MOTION FOR DEFAULT
                                               JUDGMENT IN PART
11   SARA JANET CARRANZA, et al,
                                               Doc. 14
12           Defendants.

13

14

15          Plaintiff J & J Sports Productions, Inc. brings this suit against defendants Sara Janet

16   Carranza, individually and d/b/a El Sinaloense Restaurant a/k/a El Paraiso Mexican Restaurant, and

17   Jesus Joel Ruiz, Jr., individually and d/b/a El Sinaloense Restaurant a/k/a El Paraiso Mexican

18   Restaurant, for exhibiting a sports and entertainment program through unlawful means and without

19   paying the licensing fee. Having been duly served, none of the defendants have entered an

20   appearance in this action. Plaintiff moves for default judgment. The Court recommends that

21   Plaintiff's motion be granted in part and that damages be awarded in the amount of $1,400.

22       I.      BACKGROUND

23          According to Plaintiff's motion and the accompanying affidavits, Plaintiff held the

24   domestic commercial exhibition rights to broadcast "*Honor & Glory: Saul Canelo Alvarez vs.

25   Erislandy Lara*" (the "Program") telecast nationwide on Saturday, July 12, 2014. Doc. 14, Exh. 4

26   at p. 2. Plaintiff entered into sublicensing agreements with commercial entities throughout the

27   United States, wherein it granted limited public exhibition rights in exchange for a license fee of

28   $1,400 for establishment with a thirty-person maximum occupancy. Id. at p. 2-3. On July 12,

2014, around 7:50 pm an investigator observed the Program being exhibited at El Sinaloense Restaurant a/k/a El Paraiso Mexican Restaurant (the "Restaurant") in Huron, California. Doc. 14, Exh. 3 at p. 1. The Program was being displayed on a flat screen television mounted near the ceiling at the south west corner of the restaurant. Id. The investigator observed the "SHOWTIME PPV" logo on the lower left-hand corner of the screen and saw the boxers in the center. Id. He could not hear the Showtime commentary due to a live band performing in the dining area. Id. The capacity of the Restaurant was 30, and there were approximately 10 patrons present. Id. at p. 2. Photographs of the exterior of the Restaurant were attached to the investigator's affidavit. See Id. The photographs include pictures of a satellite dish on the roof. See Id.

On July 7, 2015, Plaintiff filed a complaint in this court alleging violations of 47 U.S.C. § 605, *et seq*. ("section 605"), and 47 U.S.C. § 553, *et seq*. ("section 553"), as well as conversion under California state law. Doc. 1. Plaintiff alleges that Defendants unlawfully intercepted and intentionally exhibited the Program at the Restaurant for the purpose of commercial advantage. On October 5, 2015, summonses for each defendant returned executed. Docs. 10-11. The returned summonses indicated that answers were due on October 14, 2015. No defendant filed an answer or has appeared in the action to date. On October 19, 2015, Plaintiff requested entry of default, which was entered by the clerk. Docs. 12-13.

II.     DEFAULT JUDGMENT

Entry of default judgment is governed by Federal Rule of Civil Procedure 55, which allows the court to enter default judgment against a defendant who has failed to plead in an action. Fed. R. Civ. P. 55(a)-(b). The Ninth Circuit has provided seven factors for consideration by the district court to determine whether to enter a default judgment, known as the *Eitel* factors. They are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages,

will be taken as true.'" *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (*quoting Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

Here, summonses were issued, served, and returned executed. Defendants did not file an answer within the required time, and they have not made any appearances to date. The clerk duly entered default upon Plaintiff's request. Plaintiff requests default judgment under both Section 552, which prohibits the unauthorized interception of any communications service offered over a cable system (47 U.S.C. § 553(a)(1)), and section 605, which prohibits the unauthorized receipt and use of radio communications, including satellite television signals, for one's own benefit or for the benefit of another not entitled thereto. (47 U.S.C. § 605(a)). Both sections are provisions of the Communications Act of 1934, as amended, 47 U.S.C. §§ 151-622. However, it is highly unlikely that Defendants intercepted the Program by both cable *and* satellite. Taking the allegations as true, the Court could find a violation of one or the other. In this case, the Court should find a violation of section 605 rather than section 553 because a satellite dish was photographed atop the Restaurant, and because Plaintiff indicates a preference for section 605 by discussing damages solely under section 605. Consequently, Plaintiff's section 553 claim would be unsustainable.

According to the *Eitel* factors, default judgment on the section 605 and conversion claims is appropriate. Defendants have not appeared in this action making it impossible for Plaintiff to litigate its claims, Plaintiff's substantive claims appear meritorious, the complaint is sufficiently pled, the amount of money at stake is relatively small, Defendants have not disputed any material fact, and there are no facts indicating that default was due to excusable neglect. Accordingly, the Court recommends granting Plaintiff's motion for default judgment as to his section 605 claim and his conversion claim, and dismissing his section 553 claim as moot.

III.   DAMAGES

Plaintiff seeks a total of $111,400 in damages. Plaintiff requests the maximum permissible statutory damages of $10,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II). Plaintiff also requests enhanced damages of $100,000 permissible for willful violations for purposes of direct or indirect commercial advantage or private financial gain under 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff argues

1  that the higher amount of permissible statutory damages is necessary in order to deter unlawful use

2  of communications like the Program. Plaintiff also requests $1,400 in conversion damages,

3  reflecting the value of the licensing fee Defendants would have been required to pay to order the

4  Program from Plaintiff.

5      A.  <u>47 U.S.C. § 605</u>

6      Under section 605, a court may award actual or statutory damages at the election of the

7  aggrieved party. 47 U.S.C. § 605(e)(3)(C)(i). Actual damages may be awarded in the actual loss

8  suffered by the plaintiff as a result of the violation and any profits of the violator attributable to the

9  violation not taken into account in computing actual damages. 47 U.S.C. § 605(e)(3)(C)(i)(I).

10  Statutory damages may be awarded in an amount between $1,000 and $10,000, as the court

11  considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). Section 605 also allows the court to award a

12  smaller amount of not less than $250 where the court finds that the violator was not aware and had

13  no reason to believe that his acts constituted a violation of the section. 47 U.S.C. §

14  605(e)(3)(C)(iii) .

15      *Statutory Damages*

16      Plaintiff argues that statutory damages, rather than actual damages, should be awarded

17  because actual damages are difficult to prove. To support this contention, Plaintiff states that it

18  would be impossible to calculate the full extent of the profits lost by Plaintiff and the additional

19  damages sustained by Plaintiff as a result of the Defendants' unlawful actions. Plaintiff's affidavit

20  alleges abstract harm in the form of lost customers and damage to goodwill. Doc. 14, Exh. 4 at p.

21  4. Plaintiff's actual damages –the loss of the $1,400 licensing fee- are within the range of

22  permissible statutory damages. Plaintiff has not demonstrated any damages greater than the loss of

23  the $1,400 licensing fee and the facts do not warrant statutory damages in excess of $1,400. A

24  $1,400 award is just and should be the amount awarded in statutory damages.

25      *Enhanced Damages*

26      Enhanced penalties may be awarded in an amount up to $100,000 for willful violations for

27  purposes of commercial advantage or private financial gain. 47 U.S.C. § 605(e)(3)(C)(ii). Courts

28  have awarded enhanced damage awards due to willful violations of the Communications Act for

repeated violations of the Act, the intent to profit from the violations, and actual profit derived from the violation. *Kingvision Pay-Per-View Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1197-98 (N.D. Cal. 2000). While Plaintiff's allegations are deemed admitted under the rules governing default, "Plaintiff's allegations of willfulness bear directly on the question of damages;" hence, "the mere assertion that Defendant acted willfully is insufficient to justify enhanced damages." *Id.* at 1198.

Here, Plaintiff has not provided any evidence that Defendants intended to exhibit the Program in order to draw patrons and gain a commercial advantage, or that Defendants gained actual commercial advantage. Plaintiff has not provided evidence or alleged that Defendants are repeat violators of the Act. Plaintiff has not alleged that Defendants advertised the Program or charged a premium for food and drinks. While the investigator was in the Restaurant, he could not even hear the audio portion of the Program because a live band was playing in the Restaurant. There were only ten patrons in the Restaurant at the time. These facts do not demonstrate an intent to profit from the violation or actual profit from the violation. Accordingly, enhanced damages for willful violations for purposes of commercial advantage or financial gain are not appropriate.

B.  Conversion

Under California law, the elements of conversion are (1) ownership or right to possession of the property; (2) wrongful disposition of that property right; and (3) monetary damages. *Krueger v. Bank of America*, 145 Cal.App.3d 204, 215 (1983). Plaintiff alleges ownership of the exclusive right to distribute the broadcast signal of the Program, Defendants exhibited the Program without legally purchasing exhibition rights, and Plaintiff suffered a loss of the license fee, which would have been $1,400 for a venue similar to the Restaurant. Plaintiff would be entitled to $1,400 in compensatory damages for the tort of conversion; however, Plaintiff is not entitled to duplicative recovery for the same items of damage. *See Joe Hand Promotions, Inc. v. Lim*, 2015 U.S. Dist. LEXIS 131824, *9 (C.D. Cal. Sept. 29, 2015); *J & J Sports Prods. v. Gibbs*, 2015 U.S. Dist. LEXIS 123047, *9 (C.D. Cal. Sept. 14, 2015). Damages awarded under section 605 sufficiently compensate Plaintiff. Additional damages for conversion are not recommended.

IV.     RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS as follows:

1. Plaintiff's motion for default judgment be GRANTED IN PART as to Plaintiff's 47 U.S.C. § 605 and conversion claims;

2. Judgment be entered against Defendants Sara Janet Carranza, individually and d/b/a El Sinaloense Restaurant a/k/a El Paraiso Mexican Restaurant, and Jesus Joel Ruiz, Jr., individually and d/b/a El Sinaloense Restaurant a/k/a El Paraiso Mexican Restaurant, with joint and several liability, as to Plaintiff's 47 U.S.C. § 605 and conversion claims;

3. Plaintiff's 47 U.S.C. § 553 claim be dismissed; and

4. Damages be awarded in the total amount of $1,400.00 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).

These Findings and Recommendations are submitted to the Honorable Troy L. Nunley, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __December 29, 2015__          _____/s/ Sandra M. Snyder__
                                         UNITED STATES MAGISTRATE JUDGE